February 27, 1939


Honorable Joe P. Flack
County Attorney
Menard, Texas

Dear Sir:

Opinion No. O-164
Re: Must stamp be affixed to
deed of trust refinancing
pre-existing indebtedness.

We are in receipt of your letter of February
22, 1939, outlining the following facts:

In 1927, a person acquired 9,000 acres of
land, executing vendor's lien notes for a part of the
purchase price. Now, the debtor is borrowing money
from third parties with which to pay off the vendor's
lien notes, and has executed deeds of trust to secure
such third parties in the payment of the indebtedness,
which is renewed and extended by new notes payable to
such third parties. Agreements have been executed
showing the payment of the old obligation with the
money so borrowed from said third parties and subrogating
the latter to the liens of the original vendor of the
land.

You ask our opinion as to whether the deeds
of trust recently so executed must be stamped under
Article 7047e, Revised Statutes, which reads in part
as follows:

"(a) Except as herein otherwise provided,
there is hereby levied and assessed a tax of
ten cents (10¢) on each one hundred dollars ($100)
or fraction thereof, over the first two hundred
dollars ($200), on all notes and obligations
secured by chattel mortgage, deed of trust,
mechanic's lien contract, vendor's lien, condi-
tional sales contract and all instruments of a
similar nature which are filed or recorded in
the office of the County Clerk under the regis-
tration Laws of this State; providing that no
tax shall be levied on instruments for an amount

of two hundred dollars ($200) of less.
After the effective date of this Act, ex-
cept as hereinafter provided, no instru-
ment creating a lien of any character to
secure the payment of money, or reserving
title to any property until the purchase price
thereof shall have been paid, shall be filed or
recorded by the County Clerk in this State until
there has been affixed to such instrument stamps
in accordance with the provisions of this
Section; and providing further that the pro-
visions of this Section shall not apply to re-
newals or extensions of any notes or obli-
gations, and specifically shall not apply to
refunding of existing bonds or obligations..."
(Underscoring ours)

The situation which you outline falls
squarely within the exception provided in the last quoted
sentence of the above Act, and which we have underlined.

Such deeds of trust are not required to bear
the stamps, and your question is, therefore, given a
negative answer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:N

APPROVED:

ATTORNEY GENERAL OF TEXAS